IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CHERYL SHIGLEY, | * |
| Plaintiff, | * |
| v. | *   Civ. No. JKB-23-02717 |
| TYDINGS & ROSENBERG LLP, | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM AND ORDER**

Pending before the Court is Plaintiff Cheryl Shigley's unopposed Motion for Leave to Amend (ECF No. 12), and Defendant Tydings & Rosenberg LLP ("Tydings")'s Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 13). The Motions are fully briefed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2023). For the reasons set forth below, the Court will grant in part and deny in part Plaintiff's Motion for Leave to Amend, and deny Defendant's Motion to Dismiss.

**I.   Procedural History**

Plaintiff filed her initial Complaint in October 2023, alleging religious discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and disability discrimination in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* (ECF No. 1.) In March 2024, this Court dismissed Plaintiff's Title VII claims without prejudice, and dismissed her ADA claims with prejudice. (ECF No. 10.) As is relevant for purposes of the pending Motions, the Court previously concluded that Plaintiff's Title VII claim failed because she did not adequately plead that her objection to the COVID-19 vaccine was based on her religion, and that her ADA claims failed because (1) she failed to exhaust administrative

remedies, (2) she was not "regarded as" disabled for the purposes of the ADA, and (3) she failed to plead that her employer made any unlawful inquiry about her disability status. (*Id.*)

Two days after the Court's dismissal, Plaintiff moved for leave to file an Amended Complaint. (ECF No. 12.) Defendant, operating on the assumption such leave would be granted, filed their Motion to Dismiss the Amended Complaint on April 3, 2024. (ECF No. 13.)

## II.    Factual Allegations

The Court will presume familiarity with the basic facts of this case, as recounted in the Statement of Facts section of the Court's March 18, 2024 Memorandum. *See Shigley v. Tydings & Rosenberg LLP*, Civ. No. 23-02717, 2024 WL 1156613, at *1–2 (D. Md. Mar. 18, 2024). (ECF No. 10 at 1–4.) In brief, Plaintiff, a former legal secretary, alleges that Tydings, a Baltimore-based law firm, discriminated against her on the basis of her religion when it fired her in September 2021 for noncompliance with the firm's COVID-19 vaccine mandate. The Amended Complaint makes the following additional allegations, which were not present in the original Complaint:

Plaintiff was raised as a Roman Catholic. (Am. Comp. at ¶ 8 (ECF No. 12-1 at 3).) She "believes she has an eternal soul, given to her by God." (*Id.*) Although Plaintiff "became disenchanted with the Catholic Church" in adulthood, she has attended several different Protestant churches, including Methodist and Presbyterian congregations. (*Id.* at ¶9.) "During her entire adulthood [Plaintiff] has considered herself a Christian." (*Id.*)

Plaintiff "believes that she needs to have a personal relationship with God and that she must exercise her conscience based on her religious beliefs, what she has been taught, and what she believes to be God's will." (*Id.*) She believes that "as stated in numerous places in the Bible, [] her body is a temple of the Holy Spirit." (*Id.* at ¶ 10.) She goes on to explain:

> Mrs. Shigley's religious beliefs include her conviction, arrived at by the exercise of her conscience and in reliance on her religious beliefs, that abortion is

2

> tantamount to murder and that murder is prohibited by the Ten Commandments and the law of God that is imprinted on her soul.
>
> Mrs. Shigley believes in Heaven and Hell and believes that her moral choices during life will impact whether she will be able to enjoy life after death in Heaven or burn in Hell. Mrs. Shigley believes that disobeying the will of God and not following her conscience in discerning the will of God[] constitutes a sin for which she will be punished in the afterlife.
>
> Mrs. Shigley learned that all of the COVID-19 vaccines produced and made available to Americans were developed using aborted fetal tissue cell lines. . . .
>
> Due to her belief about the sanctity of life, Mrs. Shigley is morally opposed to participating in or encouraging the use of abortion or the use of aborted fetal tissue cell lines. It is Mrs. Shigley's belief, based on her religious view of human life, that abortion is a sin and that any action by her that encourages abortion, such as being vaccinated with a drug developed using aborted fetal tissue cell lines, is evil and against the will of God.
>
> Mrs. Shigley believes that evil in the world is personified by a person commonly referred to as the devil. This person is identified in numerous places in the Bible[,] including when the devil tempted Jesus Christ. Mrs. Shigley believes that the devil is still at work in the world and is inspiring world leaders and pharmaceutical industry leaders to encourage abortion and to use the fruits of abortion. . . . Mrs. Shigley believes that the devil is at work in causing the vaccines to be developed using aborted fetal tissue cell lines. . .
>
> Mrs. Shigley believes that the vaccines were developed using aborted fetal tissue cell lines and that this immoral act does not justify the supposed benefit of vaccination.
>
> As a result of these views about religion, morality, and the sanctity of life, Mrs. Shigley refused to be vaccinated with a COVID-19 vaccine.

(*Id.* at ¶¶ 11–17.)

Finally, Plaintiff states that she because she believes that her body is a temple of the Holy Spirit, she must "not introduce substances into it that would offend God" and that "being vaccinated would sully the Temple of the Holy Spirit and offend God." (*Id.* ¶ 19.) Plaintiff states that her opposition to the vaccine is not grounded in health concerns or in political or philosophical beliefs. (*Id.* at ¶ 18.)

3

### III. Plaintiff's Motion for Leave to Amend

In its March 18 Memorandum on Defendant's first Motion to Dismiss, the Court expressly stated that, "[b]ecause Plaintiff might be able to plausibly state a claim with the benefit of further factual enhancement, the dismissal [of her Title VII claim] will be without prejudice." (ECF No. 10 at 9.) Moreover, in the Order accompanying the Memorandum, the Court directed the Plaintiff to file an Amended Complaint within 21 days. (ECF No. 11.) Accordingly, Plaintiff's Motion for Leave to Amend was unnecessary. However, for the avoidance of any possible confusion, the Court will grant Plaintiff's Motion for Leave to Amend with respect to her Title VII claim.

That said, the Court observes that the Amended Complaint also raises the same ADA claims that the Court has already dismissed with prejudice. (*See* ECF No. 12-1 at ¶¶ 63–76.) Granting leave to amend with respect to the ADA claims would be futile, as the amended ADA claims simply repeat the same allegations that the Court has already concluded are deficient as a matter of law. *See Save Our Sound OBX, Inc. v. N.C. Dep't of Trans.*, 914 F.3d 213, 228 (4th Cir. 2019). Accordingly, leave to amend will be denied with respect to Plaintiff's ADA claims.[1]

### IV. Defendant's Motion to Dismiss Amended Complaint

After Plaintiff filed her initial Complaint, Defendant filed its Motion to Dismiss, arguing that she failed to show that her opposition to the COVID-19 vaccine was religious in nature. This Court agreed, observing that, because Plaintiff failed to provide "any explanation as to what [her] religious beliefs are, or how her opposition to abortion is tied to her religion, the Court is left with the bare allegation that the vaccine mandate violates her religious beliefs." (ECF No. 10 at 7.) In

---

[1] The Court understands Plaintiff's position to be that she is re-alleging these claims for the purpose of preserving them for appeal. (ECF No. 12-1 at 20 n.1.) However, this course of action was unnecessary, as the Fourth Circuit has held that a plaintiff need not replead claims already dismissed with prejudice to preserve them for appeal. *Young v. City of Mt. Ranier*, 238 F.3d 567, 572–73 (4th Cir. 2001), *abrogated in part on other grounds by Kingsley v. Hendrickson*, 576 U.S. 389 (2015).

the pending Motion to Dismiss with respect to the Amended Complaint, Defendant does not dispute that Plaintiff has now provided the Court with sufficient allegations that her opposition to the COVID-19 vaccine is based on bona fide religious beliefs. Instead, Defendant argues that the Amended Complaint fails to allege that Plaintiff adequately and contemporaneously informed *Tydings* of the religious nature of her vaccine opposition before she was terminated. (ECF No. 13-1 at 2, 5–8.)

In support of its argument, Defendant attaches to its Motion to Dismiss a copy of the religious accommodation request letter that Shigley sent to Tydings in July 2021, several months before her termination.[2] (ECF No. 13-2 at 2.) In that letter, Plaintiff states that the vaccine requirement is "contrary to my religious tenets and practices" but does not otherwise elaborate on her religious opposition to vaccination. (*Id.*)

### A. Legal Standard

When considering a motion to dismiss pursuant to Rule 12(b)(6), the Court must "accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor." *Langford v. Joyner*, 62 F.4th 122, 124 (4th Cir. 2023). To survive a motion to dismiss, the complaint "must include 'sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

To establish that an employer violated its duty under Title VII to make reasonable accommodations of an employee's religious practices, a plaintiff must show that: (1) she has a bona fide religious belief that conflicts with a job requirement; (2) she informed her employer of this belief; and (3) she was disciplined for failure to comply with the job requirement. *E.E.O.C.*

---

[2] The Court may properly consider this document in considering the pending Motion to Dismiss, as it is integral to Plaintiff's claims and its authenticity is not disputed. *MedSense, LLC v. Univ. Sys. Of Md.*, 420 F. Supp. 3d 382, 389 (D. Md. 2019).

*v. Consol Energy, Inc.*, 860 F.3d 131, 141 (4th Cir. 2017). A religious discrimination plaintiff need not allege that her employer had "actual knowledge" of her religious beliefs; it is enough if the pleadings allow the court to reasonably infer that "the employer's desire to avoid the prospective accommodation [was] a motivating factor in [its] decision" to terminate her. *E.E.O.C. v. Abercrombie & Fitch Stores, Inc.*, 575 U.S. 768, 773–74 (2015).[3]

### B. Analysis

Plaintiff has adequately stated a claim for religious discrimination under Title VII. At this stage, Plaintiff need not establish a prima facie case of religious discrimination, but need only plausibly allege facts that allow the Court to infer that the elements of the cause of action are satisfied. *Bing v. Brivo Sys.*, 959 F.3d 605, 616 (4th Cir. 2020) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 515 (2002)). Here, the Amended Complaint sufficiently alleges that (1) Plaintiff had a bona fide religious belief that conflicted with Tydings' vaccine requirement; (2) she informed her employer that she had a religious opposition to the vaccine requirement; and (3) she was terminated for failure to comply with the requirement. This suffices to state a claim for religious discrimination. *See Consol Energy*, 860 F.3d at 141. While a plaintiff must provide the Court with sufficient information to allow it to conclude that her beliefs or practices are based on bona fide religious principles, she need not necessarily allege that she contemporaneously provided this level of information to her employer, as the employer violates Title VII so long as the plaintiff's religion is a "motivating factor" in the adverse employment action. *Abercrombie*, 575 U.S. at 772.

---

[3] Defendant argues that Plaintiff's reliance on *Abercrombie* is "misplaced" because that case involved a challenge to a dress code policy that did not allow for a Muslim employee to wear headscarf, rather than a challenge to a vaccine mandate. (ECF No. 15 at 7 n.1.) Defendant does not explain, however, why the differing factual contexts between the two cases would render inapposite the rule of decision the Supreme Court announced in *Abercrombie*, which by the terms of that opinion applies to all "disparate-treatment claims based on a failure to accommodate a religious practice." 575 U.S. at 773.

The cases on which Defendant relies are distinguishable and unpersuasive. Unlike in other cases, Plaintiff's request letter did not constitute the entirety of her communications with Defendant regarding her desire for accommodation. *Cf. Aliano v. Twp. of Maplewood*, Civ. No. 22-5598, 2023 WL 4398493, at *2–3 (D.N.J. July 7, 2023). Instead, she alleges that she also had a phone call with a lawyer from Tydings, and that during that call she "indicated her religious objection to receiving the vaccine was based on the use of aborted fetal tissue used in the development, production, and/or testing of the vaccine." (Am. Comp. at ¶ 39.) Nor was Plaintiff's accommodation request self-defeating on its face by expressly refusing to explain the basis for her opposition to the vaccine. *Cf. Friend v. AstraZeneca Pharms.*, Civ. No. SAG-22-03308, 2023 WL 3390820, at *3 (D. Md. May 11, 2023); *Gunkel v. OU Med. Inc.*, Civ. No. 23-497-PRW, 2024 WL 787895, at *4 (W.D. Okla. Feb. 26, 2024).

Here, significant factual questions remain over the nature of Plaintiff's communications with Defendant, and whether these communications were sufficient to put her employer on notice of her religious beliefs or otherwise justify an inference that Defendant's actions were religiously motivated. Significant factual questions also remain over whether the accommodations Plaintiff requested were reasonable or would have imposed an undue hardship. However, the resolution of these factual issues is for another day. At this stage, Plaintiff need only plausibly allege facts from which the Court can reasonably infer the elements of a Title VII claim. Because she has done so, the Motion to Dismiss will be denied.

## V. Conclusion

For the foregoing reasons, it is ORDERED that:

1) Plaintiff's Motion for Leave to Amend (ECF No. 12) is GRANTED IN PART, with respect to Count I, and DENIED IN PART, with respect to Counts II and III; and

2) Defendant's Motion to Dismiss Amended Complaint (ECF No. 13) is DENIED.

DATED this **28** day of May, 2024.

BY THE COURT:

*/s/ James K. Bredar*

James K. Bredar
United States District Judge